**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

*Joseph Baldwin*
*Assistant United States Attorney*
*Joseph.Baldwin@usdoj.gov*

*Mailing Address:*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location:*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

*DIRECT: 301-344-4238*
*MAIN: 301-344-4433*
*FAX: 301-344-4516*

VIA CM/ECF

August 13, 2026

Honorable Timothy J. Sullivan
Chief United States Magistrate Judge
United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

Re: *United States v. Evester Edd,*
Criminal No. TJS-25-217
Sentencing Memorandum

Dear Judge Sullivan:

I write to provide the Government's sentencing recommendation with respect to the sentencing of Evester Edd, scheduled for August 14, 2026, at 1 p.m. The Government has previously provided a statement by the United States Peace Corps (USPC) in support of sentencing. The Government will be providing to chambers today victim impact statements from the Federal Home Finance Agency and government contractor affected by the matter (these statements were provided to defense counsel earlier this week).

**Presentencing Report**

The Government has no objections to the substance of the Presentencing Report, though it is in disagreement with the sentencing recommendation made therein.

**Nature and Circumstances of the Offense**

The Government expressly incorporates the sworn criminal complaint for background on the nature and circumstances of this offense. There are three essential components to the conduct here: the use of private email to transmit sensitive government information; the retention of sensitive government information in digital and paper formats; and working for another agency employer on USPC time and on numerous days using USPC's electronic architecture.

*Communications and Documents*

Evester Edd was a senior Human Relations Specialist for the USPC being paid at the top of the GS pay scale. Not only did he, by virtue of his position, have access to sensitive information regarding USPC employees from all over the world including those stationed overseas, working both within United States Embassies and out in the community as Peace

Corps Volunteers (PCV), he also reviewed specific disciplinary actions related to specific employees. These documents included detailed descriptions of work performance and of private matters that impinged upon the work performance of employees. He had panel ratings of potential employees. He had documents marked for their sensitivity, including marked as work product and attorney client privilege. All of these types of documents (and more) were found in his residence and in his email account on his mobile phone.

Government documents were also found in his possession that related to his work as a contractor for the Nuclear Regulatory Commission from September and into November 2024. These also included sensitive documents, for example, paperwork related to a grievance involving export control and nonproliferation of nuclear reactors.

Furthermore, there were United States Government documents found on a thumb drive that contained personally identifiable information, employment actions, etc. reaching back decades into the 1990s. Many of the documents existed before thumb drives were invented or in common use, meaning Edd had to have scanned and/or transferred the documents to the thumb drive from another digital source—that other digital source was not found in his materials.

At least hundreds of documents were found to have been transferred from Edd's work accounts at USPC and NRC to his AOL account. At least some of the documents transferred in that manner were printed out using Edd's mobile phone and a printer at his residence. Edd knew that government documents were not permitted to be transferred over an unsecure personal email account. When he transferred documents in that manner, he exposed them to potential interception and theft. That was a violation of trust with the employees whose private information he exposed, in addition to a violation of the requirements for safekeeping of such information.

While not itself classified, the information that Edd had in his possession and transferred over unencrypted internet system included details about employees and employment positions of a sensitive nature that could be exploited by our nation's adversaries: information about Peace Corps officials and volunteers (spread around the globe) with access to United States Embassies, information about Nuclear Regulatory Commission employees who may have access to sensitive information about licensing and other matters, etc. None of this even touches upon information from his time with the Department of Treasury or other government agencies.

The potential for exposure was not purely hypothetical. Edd was in contact with foreign nationals—purportedly from Central Asia—and bragged that he worked for more than one employer at a time. He sent screen shots of dual meetings to an interlocutor. Moreover, Edd sent an old laptop of his to one of these individuals in Canada. Edd claimed to federal agents that the computer he sent to Canada had been wiped, but there is no means of confirming that fact. Edd also sent money to these individuals (purportedly adult women), and received some nude pictures from one or more of them.

In short, Edd placed himself in an extremely compromising position as a government official with access to reams of information about United States Government employees held by him in an unsecure, unauthorized, and illegal manner. Agents did not find evidence that

sensitive information had been intentionally shared with third parties, otherwise the Government would be seeking a more significant sentence.

*Double Billing*

Edd got caught working his lucrative side-hustle during his Government workday. He knowingly bilked the United States Government out of the value of his labor. The brazenness of his scheme—especially for a human resources specialist—was remarkable. He not only bragged about working two jobs at once to foreign nationals, he literally showed he was in two meetings at the same time. Moreover, agents were able to confirm he was signed up on two different laptops at the same time with separate access cards from two different agencies.

*Knowledge and Intent*

As a Human Resource Specialist who helped create and provide training, and as a government employee for over 30 years who was required to take annual training, Edd was intimately familiar with the restrictions relating to:

- Personally Identifiable Information & The Privacy Act,
- Records Management,
- Defensive Counterintelligence and Insider Threat Awareness Training, and
- Telework.

With respect to his work for NRC while seated in his cubicle at USPC, in the very email he submitted to USPC to justify employment at NRC, Edd was instructed "not to use Peace Corps time and equipment in performing your outside employment activities."

**Sentencing Recommendation**

This is a serious offense given the position Edd held and the risks he created for many other government employees. It is also a serious offense because it undermined the trust that agencies and their employees place in human relations professionals who are handling sensitive data. To be just, the sentence must be proportionate to the harm and here the harm was significant. Furthermore, the sentence must provide both specific and general deterrence

The Government submits that a sentence of imprisonment of one year, followed by one year of supervised release, is sufficient and no greater than necessary to achieve the goals of sentencing. A key element of the recommended sentence is the general deterrence effect regarding the handling of government documents, the use of unauthorized and unsecure communication platforms, and the abuse of telework as well as outside work authorizations.

Equal in significance is the need for this Court to promote respect for the law. Despite his duties, despite the trust placed in him, despite his own role in evaluating conduct violations by federal employees, Edd violated numerous requirements of his federal position and—particularly with respect to the overbilling—did so wantonly. The flagrancy of his actions underlies the victim statements submitted by USPC and FHFA.

There is also an element of specific deterrence, as Edd may still have access to United States Government information.

The Government also seeks restitution in the amount of $20,758.50 for the United States Peace Corps, as set forth in the plea agreement.

The Government defers to the Court on any fine, including the amount.

Very truly yours,

Kelly O. Hayes
United States Attorney

Digitally signed by JOSEPH BALDWIN
Date: 2026.08.13 08:24:51 -04'00'

Joseph Baldwin
Assistant United States Attorney